# Court of Appeals

## First District of Texas

June 29. 15

RE: 01-15-00543-CV          T.C. CASE # 2014-18121

David M. Conklin

v.

Henrietta Wright

FILED IN
1ST COURT OF APPEALS
HOUSTON, TEXAS

JUL 27 2015

CHRISTOPHER A. PRINE

CLERK _____

## Advisory

Appellant a Criminally Generally, Indigent in Forma Pauperis (see: Appellant's Exhibit F., First Sentence from Court of Appeals) is unable to pay cost as he is currently incarcerated in T.D.C.J. - C.I.D/ state Jail Division Serving a Six (6) month Sentence. Indigent unable to pay cost. (see: Exhibit F., First Sentence from Court of Appeals) to Protect and Preserve Plaintiff's Valuable Rights (T.R.A.P. Rule 37.3 (a) (i) and would pay fees and cost, if funds were available, in Good Faith. (see: Exhibits I and L)

Appellant Conklin is unable to pay cost, (see: Exhibit F.) for the Record. (which is to be considered as a whole) as Appellant Conklin Contracting with the Defendant. (and the Record is Subject of Contract, All) with a Qualified Acceptance. Due to Defendant's untruth

1

Advisory

AND MISREPRESENTATION IN THE [ORIGINAL CONTRACTS. (BEFORE THE COURT) (THE ORIGINAL CONTRACTS BY DEFENDANT, ARE THE OFFENSE REPORT'S INFORMAL RESOLUTION'S (A CONDITIONS PRECEDENT) AND STATEMENT'S; AND THE DISCIPLINARY REPORT AND HEARING RECORDS)].

DUE TO THE DEFENDANT'S UNTRUTH AND MISREPRESENTATION IN THOSE CONTRACTS. BEFORE THE COURT. PLAINTIFF/APPELLANT CONKLIN MODIFIED THEM WITH A QUALIFIED ACCEPTANCE, AND THE DEFENDANT KNOWN OR SHOULD OF KNOWN THOSE CONTRACTS (UNCONSCIONABLE OR ADHESION) WITH UNTRUTH AND MISREPRESENTATION, (COULD BE MODIFIED) CONSTITUTED BREACH OF CONTRACT AND/OR BREACH OF A STIPULATION OR PROVISION AND/OR FAILURE OF CONSIDERATION TO THE STIPULATIONS OR PROVISIONS MADE BEFORE HAND (INFORMAL RESOLUTIONS)/ STATEMENTS; AND THAT THERE IS NO WRITTEN RULE, POLICY, PROCEDURE, REGULATION, CUSTOM, PATTERN, PRACTICE, STATUTORY AUTHORITY, OR COURT ORDERS, THAT, OFFENDERS CANNOT POSSESS MATERIALS/ INFORMATION ON UNIFORM COMMERCIAL CODE LAWS OR ITS APPLICATIONS, [THAT ARE FOUND IN T.D.C.J.'S FULL-LAW LIBRARIES, CONSOLIDATED OR MINI LAW LIBRARIES BOOK COLLECTIONS]

INMATE CONKLIN, DAVID MARK, INMATE TRUST FUND ACCOUNT (EXHIBIT I) IS DEFINED BY THE TEXAS UNIFORM COMMERCIAL CODE AS A DEPOSITORY ACCOUNT IN WHICH SECURED CREDITORS CAN ACCESS. DEFENDANT USED THAT ACCOUNT NO. TO COMMIT FRAUD, UNTRUTH AND MISREPRESENTATION TO INDUCE THE DISCIPLINARY HEARING OFFICER(S) FOR THE PURPOSES OF DISCIPLINE AND PUNISHMENT. THOSE INMATE TRUST FUND ACCOUNT NO.'S (AND BREACHED CONTRACTS) PUTS US IN PURVIEW

2.

ADVISORY

of the Uniform Commercial Code. (Texas Uniform Commercial is Mirrored or Echoes After the Uniform Commercial Code. And all must Adhere to its Policies, Procedures and Previsions under U.C.C.)

Appellant Conklin is Contracting, which is Governed By U.C.C., and Appellant is Not Claiming 42 U.S.C § 1983 Civil Rights or Tort and this Action is unlike any other Previous suit Filed Dismissed in any Court.

The law goes Back-to-the Beginning. Plaintiff/Appellant Conklin is Contracting, which is Governed By U.C.C. And Defendant and/or District Clerk and/or any other third-Party has no Right of Set-off. to Require Plaintiff and/or Appellant Conklin. to Require Conklin to Give Security (he Already Previously Contracted with in His (IFP Applications) Required By Statute) initially Screened. Accepted. Granted. with Specific Performances Performed and Being logged in the official Record/Docket Sheet and or "Contracting" with District Clerk to Log in the Official Record and or (District Clerk Contracting with County Attorney) and or Contracting with the Constables office for Service or Process) or District Clerk's Office )[By Submitting materials out-side of Plaintiff Conklin's Commercial Affidavit/Criminal Complaint/lien (see: Exhibit H.)]Subject of Contract. Purposefully ignoring Genuine issues of Material Fact. (see: Appellants Information About Appetiants Record (b) and (d).